United States District Court
Southern District of Texas
**ENTERED**
July 05, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CRISTINA LOZANO, <br> Plaintiff, <br> <br> v. <br> <br> WAL-MART STORES, TEXAS, LLC, <br> Defendant. | § <br> § <br> § <br> §     Case No. 1:17-cv-151 <br> § <br> § <br> § <br> § |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

The Court is in receipt of the Motion for Summary Judgment filed by Defendant Wal-Mart Stores Texas, L.L.C., (hereinafter, Defendant's "Motion" or "Motion for Summary Judgment"), and Plaintiff Cristina Lozano's "Response in Opposition" (hereinafter, "Lozano's Response"). Dkt. Nos. 8 and 9. For the reasons provided below, it is recommended that the Court **DENY** Defendant's Motion.

### I. Jurisdiction

This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

### II. Legal Standard

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In

pertinent part, Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id., see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson*, 477 U.S. 242, 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the verdict. If reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted. *Id.* at 249.

The movant on a summary judgment motion bears the initial burden of providing the court with a legal basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the resisting party to present affirmative evidence to defeat the motion. *Anderson*, 477 U.S. 242, 257. All facts and inferences drawn from those facts must be viewed in the light favorable to the party resisting the motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "The court need

consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

To prevail on a claim for premises liability against a defendant, a plaintiff must show: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and, (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

### III. Discussion

Defendant, Wal-Mart Stores Texas, L.L.C., removed this action from the Cameron County Court at Law Number 3, to this Court, on July 30, 2017. Dkt. No. 1 at 1-3. Lozano's First Amended Petition contains one cause of action. Dkt. No. 1-8 at 2. Specifically, Lozano asserts a premises liability cause of action based on Defendant's alleged actual knowledge of an unreasonably dangerous condition at its Wal-Mart Store #1296, where Lozano claims she stepped on a slippery liquid and fell. *Id* at 3; Dkt. No. 9 at 2; Dkt. No. 8-1 at 4, 6-7; Dkt. No. 9-4 at p. 4.

Lozano claims that Defendant had a duty to use ordinary care to ensure that its premises did not present a danger to her. Dkt. No. 1-8 at 2-3. Lozano contends that Defendant breached this duty, which proximately caused her injuries. *Id.* Defendant argues that it is entitled to summary judgment as a matter of law

because Lozano has presented no evidence that Defendant had actual or constructive knowledge of the slippery liquid prior to Lozano's fall. Dkt. No. 8 at 1, 3. In response, Lozano states that she has produced unrebutted evidence that Defendant had actual knowledge of the slippery liquid prior to her fall. Dkt. No. 9 at 4-6. Specifically, Lozano claims that Defendant has not rebutted her testimony that one of its employees told her that he had meant to clean the liquid up, but had not gotten around to it. *Id.* at 5 (citing Dkt. No. 9-4 at 4); Dkt. No. 9-4 at 4 ("[A]fter I fell, he came running towards me. He said, 'Are you okay? Don't get up. I heard your knee pop.' And then, he was like, 'There was something slippery on the floor that I meant to clean, but just never got around to it and I'm sorry.'")

"Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident[.]" *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414-15 (Tex. 2008) (per curiam); *Sampson v. University of Texas at Austin*, 500 S.W.3d 380, 397 (Tex. 2016) (same). "Actual knowledge may be established by showing evidence of prior complaints or reports to defendant about the condition, evidence suggesting that one of defendant's employees knew of the condition before the incident occurred, or evidence showing that one of defendant's employees caused the harmful condition." *Singletary v. Atrium Finance II, LP*, Civil Action No. 4:16–cv–00496, 2017 WL 1396124, at *4 (S.D. Tex., Mar. 2, 2017) (citing *Univ. of Tex.—Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008); *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007); *City of Houston v. Harris*, 192 S.W.3d 167, 175 (Tex. App.—Houston [14th Dist.]2006, no pet.)).

Here, Defendant claims that there is "no evidence in the summary judgment record that Wal-Mart put the substance on the floor or actually knew it was there before Lozano slipped and fell, and therefore Lozano must establish that Wal-Mart should be liable under the theory of constructive notice." Dkt. No. 8 at 3. This statement is incorrect. In her deposition, Lozano testified that one of Defendant's employees told her that he had meant to clean the liquid up, but had not gotten around to doing so before she fell. Dkt. No. 9-4 at 4 ("[A]fter I fell, he came running towards me. He said, 'Are you okay? Don't get up. I heard your knee pop.' And then, he was like, 'There was something slippery on the floor that I meant to clean, but just never got around to it and I'm sorry.'"). Defendant has not addressed this sworn testimony, or otherwise demonstrated that it fails to qualify as evidence of its actual knowledge. In light of this, the Court is hard-pressed to determine why Defendant filed its Motion in the first instance.[1]

Although Lozano has not identified the employee who allegedly approached her, Defendant has produced no evidence to contradict Lozano's testimony concerning the employee's statements. Accordingly, Defendant has not met its initial burden of demonstrating the absence of a genuine issue of material fact. Summary judgment should be denied. *See Singletary v. Atrium Finance II, LP*, 2017 WL 1396124, at *4 ("Actual knowledge may be established by showing . . . that one of defendant's employees knew of the condition before the incident occurred[.]") (citations omitted).

---

[1] Defendant is notified that such filings in the future may be construed as frivolous and may subject it to sanctions.

## IV. Recommendation

For the foregoing reasons, it is recommended that the Court **DENY** Defendant's Motion (Dkt. No. 8).

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 5th day of July, 2018.

Ignacio Torteya, III
United States Magistrate Judge